[No. F045778. Fifth Dist. July 27, 2005.]

THE PEOPLE, Plaintiff and Respondent, v.
DAVID WAYNE WATTS, JR., Defendant and Appellant.

## COUNSEL

William A. Davies, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Mary Jo Graves, Assistant Attorney General, Stan Cross and John G. McLean, Deputy Attorneys General, for Plaintiff and Respondent.

**O**PINION

**GOMES, J.**—Pursuant to a plea agreement, appellant David Wayne Watts, Jr., pled no contest to being a felon in possession of a firearm (Pen. Code, § 12021, subd. (a)(1)).[1] He also admitted allegations that on April 21, 2000, he suffered a conviction of violating section 12031, subdivision (a)(2)(C) (section 12031(a)(2)(C)) and that he served a prior prison term for that conviction within the meaning of section 667.5, subdivision (b). The agreement included a five-year lid on Watts's prison term. Watts reserved the right to argue at sentencing, and indeed argued at sentencing, that his prior conviction did not qualify as a "strike."[2] The court rejected his argument and sentenced him to 44 months, consisting of the 16-month low term on the instant offense, doubled pursuant to the three strikes law (§§ 667, subd. (e)(1), 1170.12, subd. (c)(1)), plus one year for the prior prison term enhancement.

On appeal, Watts contends the court erred in denying his motion to strike the strike allegation. We will vacate the sentence, remand for further proceedings and in all other respects affirm.

## PROCEDURAL BACKGROUND

As indicated above, Watts admitted an allegation that on April 21, 2000, he suffered a felony conviction of violating section 12031(a)(2)(C). Then, as now, section 12031 provided, in relevant part, as follows: "A person is guilty of carrying a loaded firearm when he or she carries a loaded firearm on his or her person or in a vehicle while in any public place or on any public street in an incorporated city or in any public place or on any public street in a prohibited area of unincorporated territory." (§ 12031, subd. (a)(1).) Generally, the offense is a misdemeanor (§ 12031, subd. (a)(2)(G)), but it becomes a felony when, as relevant here, "the person is an active participant in a criminal street gang, as defined in subdivision (a) of Section 186.22, under the Street Terrorism Enforcement and Prevention Act." (§ 12031(a)(2)(C).)

However, section 186.22 did not in 2000, nor does it now, define the statutory phrase "active participant in a criminal street gang." (§ 12031(a)(2)(C).) Rather, it defines a substantive offense consisting of three elements: "Any person who [1] actively participates in any criminal street gang [2] with knowledge that its members engage in or have engaged in a pattern of criminal gang activity, and who [3] willfully promotes, furthers, or assists in any felonious criminal conduct by members of that gang, shall be

---

[1] All statutory references are to the Penal Code.

[2] We use the term "strike" in its noun form as a synonym for "prior felony conviction" within the meaning of the three strikes law (§§ 667, subds. (b)–(i), 1170.12), i.e., a prior felony that subjects a defendant to the increased punishment specified in the three strikes law.

punished by imprisonment in a county jail for a period not to exceed one year, or by imprisonment in the state prison for 16 months, or two or three years." (§ 186.22, subd. (a).)[3]

A prior conviction qualifies as a strike if it is for an offense "defined in subdivision (c) of Section 667.5 as a violent felony or . . . defined in subdivision (c) of Section 1192.7 as a serious felony in this state." (§§ 667, subd. (d)(1), 1170.12, subd. (b)(1).) In March 2000, section 1192.7 was amended to add the following to the list of serious felonies: "any felony offense, which would also constitute a felony violation of Section 186.22." (§ 1192.7, subd. (c)(28).) Neither party suggests Watts's 2000 conviction could qualify as a strike on any basis other than as set out in subdivision (c)(28) of section 1192.7.

In August 2000, our Supreme Court construed section 12031(a)(2)(C) in *People v. Robles* (2000) 23 Cal.4th 1106 [99 Cal.Rptr.2d 120, 5 P.3d 176] (*Robles*). In that case, the defendant was charged with carrying a gun in public in violation of section 12031, subdivision (a), and the offense was charged as a felony under section 12031(a)(2)(C). At the preliminary hearing, the prosecution presented evidence the defendant was an active participant in a criminal street gang, but did not present evidence of the other two elements of the section 186.22(a) offense, viz., knowledge that gang members engage in or have engaged in a pattern of criminal activity and willful promoting, assisting or furthering of felonious criminal conduct by the members. On the defendant's motion, the magistrate reduced the charge to a misdemeanor, and the trial court denied the prosecution's motion to reinstate the felony complaint. (*Robles, supra,* 23 Cal.4th at pp. 1109–1110.)

The Supreme Court held the prosecution's motion was properly denied. The court reasoned as follows: the phrase " 'active participant in a criminal street gang, as defined in subdivision (a) of Section 186.22' " in section 12031(a)(2)(C) is subject to "more than one reasonable construction." (*Robles, supra,* 23 Cal.4th at p. 1111.) One such construction, that urged by the prosecution in *Robles,* is that a felony violation of section 12031(a)(2)(C) under of the statute requires proof of carrying a gun in public (§ 12031, subd. (a)) and only one of the elements of section 186.22(a), viz., active participation in a gang. The second reasonable construction is that the statute requires proof of the gun-carrying element and all three elements of section 186.22(a). (*Robles, supra,* 23 Cal.4th at pp. 1111–1112.)

The court adopted the second interpretation, applying the rule that "[w]hen . . . the language of a penal law is reasonably susceptible of two

---

[3] We refer to section 186.22, subdivision (a) as section 186.22(a).

interpretations, [a reviewing court] construe[s] the law 'as favorably to criminal defendants as reasonably permitted by the statutory language and circumstances of the application of the particular law at issue.' " (*Robles, supra,* 23 Cal.4th at p. 1115.) The *Robles* court held that because the prosecution failed to prove all elements of section 186.22(a), the defendant could not be held to answer under section 12031(a)(2)(C). (*Robles, supra,* 23 Cal.4th at p. 1115.)

In the instant case, at sentencing Watts argued that since he was convicted of a felony violation of section 12031(a)(2)(C) based on a plea, and his conviction and sentencing took place before the *Robles* decision was issued on August 14, 2000, he was "in substantially the same position as Mr. Robles." Watts further argued the ambiguity in the law which the *Robles* court found means that "*Romero*[4] should apply and benefit of [the] doubt should be given" to him, and "the dates of when Mr. Watts' conviction/plea occurred is the deciding factor in applying the same benefit that Mr. Robles got, to Mr. Watts." In rejecting this argument, the trial court stated that "[w]hat the *Robles* case [is] saying is if you are convicted of this prior conviction, it does include a 186.22(a), you cannot be convicted of that without the 186.22(a). Since he entered a plea to that prior case, he was admitting the 186.22(a) as an included offense in the 12031. So the *Robles* case is in fact on point against your client. [¶] I'm going to deny your motion to strike the prior conviction."

## DISCUSSION

On appeal, Watts contends his section 12031 conviction was not a strike because his April 21, 2000 plea to violating section 12031(a)(2)(C) did not constitute an admission of all the elements of section 186.22(a) or of a felony violation of that section. The People counter as follows: Watts's plea to the section 12031(a)(2)(C) charge constituted an admission of each element of that offense, our Supreme Court determined in *Robles* that the elements of section 12031(a)(2)(C) include all three elements of section 186.22, and therefore Watts's plea constituted an admission of all elements necessary to qualify the 2000 section 12031(a)(2)(C) conviction as a strike.

■ We agree with the People that generally an admission of a prior conviction allegation admits all elements of the prior conviction and all

---

[4] *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 [53 Cal.Rptr.2d 789, 917 P.2d 628].

elements of offenses necessarily included in the prior conviction offense, just as a plea of guilty admits every element of a charged offense. (Cf. *People v. Westbrook* (1999) 43 Cal.App.4th 220, 223–224 [51 Cal.Rptr.2d 1] [a guilty plea admits every element of the charged offense and is a conclusive admission of guilt, and "[a]dmissions of enhancements are subject to the same principles as guilty pleas"].) As we explain below, however, these principles do not aid us where, as here, we must determine the effect of a plea to a statute that our Supreme Court has declared to be ambiguous.

We are aware of no case precisely on point, but we find instructive *People v. Cortez* (1999) 73 Cal.App.4th 276 [86 Cal.Rptr.2d 234] (*Cortez*) and *People v. Rodriguez* (1998) 17 Cal.4th 253 [70 Cal.Rptr.2d 334, 949 P.2d 31] (*Rodriguez*). In *Rodriguez,* the trial court found true a strike allegation based on a prior conviction for assault (§ 245, subd. (a)(1)), which had been entered pursuant to a guilty plea. The abstract of judgment was the only evidence presented to prove this conviction was a strike. The Supreme Court held: "This evidence, standing alone, did not prove that defendant had pled guilty to a 'serious' felony as defined in section 1192.7, subdivision (c). Under that section, as relevant here, only those crimes are 'serious' felonies in which the defendant 'personally inflict[ed] great bodily injury on any person, other than an accomplice, or . . . personally use[d] a firearm' ([§ 1192.7], subd. (c)(8)), or 'personally use[d] a dangerous or deadly weapon' ([§ 1192.7], subd. (c)(23)). One may thus violate section 245(a)(1) in two ways that would not qualify as 'serious' felonies under section 1192.7, subdivision (c): First, one may aid and abet the assault without personally inflicting great bodily harm or using a firearm. Second, one may commit the assault with force 'likely' to cause great bodily injury without, however, actually causing great bodily injury or using a deadly weapon. Accordingly, the least adjudicated elements of the crime defined in section 245(a)(1) are insufficient to establish a 'serious' felony." (*Rodriguez, supra,* 17 Cal.4th at p. 261, italics omitted.)

The defendant in *Cortez* was also sentenced under the three strikes law. There, the alleged strike was a prior conviction of section 12034, subdivision (c), an offense which could qualify as a strike only if, in its commission, the defendant personally used a firearm within the meaning of subdivision (c)(8) of section 1192.7 or personally used a dangerous or deadly weapon within the meaning of section 1192.7, subdivision (c)(28). (*Cortez, supra,* 73 Cal.App.4th at p. 280.) The court, relying in large part on *Rodriguez,* stated as follows: "It is undisputed that the record in the present case does not disclose the facts of the predicate offense actually committed; therefore, the

record proves nothing more than the least adjudicated elements of a violation of Penal Code section 12034, subdivision (c). We therefore presume the predicate offense was for the least offense punishable. [Citations.] Finally, if, upon analysis of the elements of the predicate offense, we determine that the prior conviction '*could* have been based' [citation] on acts not specified in Penal Code section 1192.7, subdivisions (c)(8) or (c)(23), then, as a matter of the sufficiency of the evidence, the least offense punishable was not a serious felony, and the prior conviction may not be used to impose a sentence pursuant to the Three Strikes law." (*Cortez, supra,* 73 Cal.App.4th at p. 280, fn. omitted.)

■ *Rodriguez* and *Cortez* illustrate the following principle: On an appellate challenge to a finding that a prior conviction was a strike, where the prior conviction is for an offense that can be committed in multiple ways, one or more of which would not qualify it as a strike, and *if it cannot be determined from the record that the offense was committed in a way that would make it a strike,* a reviewing court must presume the offense was not a strike.

Unlike the offenses at issue in *Rodriguez* and *Cortez,* section 12031(a)(2)(C) is not an offense which may or may not qualify as a strike, depending on the circumstances surrounding its commission. But under the peculiar circumstances of the instant case, on the record before us, as was the case in *Rodriguez* and *Cortez,* we nonetheless cannot determine if it qualifies as a strike.

The parties agree that in order for Watts's 2000 conviction of section 12031(a)(2)(C) to qualify as a strike, it must be on the basis that the offense as committed "constitute[d] a felony violation of Section 186.22" within the meaning of section 1192.7, subdivision (c)(28). Section 12031(a)(2)(C), as interpreted in *Robles,* includes *all* elements of section 186.22. *Robles,* however, held that section 12031(a)(2)(C) was reasonably susceptible of two interpretations. Under the "reasonable construction" which the *Robles* court rejected, the elements of section 12031(a)(2)(C) include only one of the elements of section 186.22(a). (*Robles, supra,* 23 Cal.4th at p. 1113.) If the statute is construed in this fashion, a conviction of section 12031(a)(2)(C) would therefore not constitute a violation of section 186.22 and thus would not qualify as a strike.

■ At the time Watts was charged with and convicted of section 12031(a)(2)(C), *Robles* had not been decided. Therefore, given the ambiguity in the statute, we cannot say with any certainty what the pleader intended to

allege and what Watts intended to admit at that time. Specifically, on the record before us, which tells us that Watts suffered a conviction of section 12031(a)(2)(C) and, apparently, that this conviction was based on a plea,[5] but nothing else about the circumstances of the offense, we cannot know whether Watts's plea was an admission of all the elements of section 186.22 or only the active participation element. Therefore, we are in a position similar to the reviewing courts in *Rodriguez* and *Cortez*: We cannot determine from the record before us whether the prior conviction in question qualifies as a strike. Under these circumstances, we must presume the least adjudicated elements, i.e., we must presume Watts was convicted of an offense which did not include all the elements of section 186.22(a). Accordingly, we hold that the record does not support the conclusion that Watts's 2000 section 12031(a)(2)(C) conviction was a strike.

We turn now to the question of the proper disposition. Although the strike allegation was adjudicated by plea and Watts's subsequent motion, rather than by trial, it is appropriate to remand the matter and the People be given an opportunity to retry Watts on the allegation. (See *People v. Barragan* (2004) 32 Cal.4th 236 [9 Cal.Rptr.3d 76, 83 P.3d 480]; *Cortez, supra*, 73 Cal.App.4th at pp. 283–284 [remanding for retrial on strike allegation proper where guilty plea to prior charged offense provided insufficient evidence to support true finding]; § 1260 [appellate court "may, if proper, remand the cause to the trial court for such further proceedings as may be just under the circumstances"].) In either event, Watts must be resentenced. For this reason, we do not address the *Apprendi* and *Blakely* issues raised in Watts's opening brief on appeal (*Apprendi v. New Jersey* (2000) 530 U.S. 466 [147 L.Ed.2d 435, 120 S.Ct. 2348]; *Blakely v. Washington* (2004) 542 U.S. 296 [159 L.Ed.2d 403, 124 S.Ct. 2531]). We note, however, that our Supreme Court has resolved these issues against him in *People v. Black* (2005) 35 Cal.4th 1238 [29 Cal.Rptr.3d 740].

## DISPOSITION

The judgment of conviction is affirmed. The sentence is vacated and the case remanded. On remand, if the People do not file in the trial court and serve on Watts, within 30 calendar days after the date the remittitur is filed in this court, a motion to set a rehearing on the issue of whether Watts's 2000 prior conviction constitutes a strike, the trial court shall resentence Watts

---

[5] In the proceeding below, Watts's counsel asserted that Watts's 2000 conviction was based on a plea, but presented no evidence. The prosecution did not dispute this assertion and the court appeared to accept it. On appeal, Watts again asserts, and the People do not dispute, that he pled guilty to the strike offense. The record reveals only that Watts's 2000 prior conviction was alleged as a strike, and that he suffered the conviction.

forthwith within the parameters of the original plea agreement. If the People timely file and serve such a motion, the trial court shall conduct a rehearing in a manner not inconsistent with this opinion and shall, after such rehearing, resentence Watts as may be appropriate.

Dibiaso, Acting P. J., and Buckley, J., concurred.