Filed 4/1/15  P. v. Hernandez CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B252953 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA100700) |
| v. | |
| SILVIO HERNANDEZ, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Steven D. Blades, Judge.  Affirmed.

John F. Schuck, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Paul M. Roadarmel, Supervising Deputy Attorney General, and Tita Nguyen, Deputy Attorney General, for Plaintiff and Respondent.

_____

Defendant was convicted of one count of possession of methamphetamine for sale (Health & Saf. Code, § 11378) and one count of receiving stolen property (Pen. Code, § 496, subd. (a)).[1]  Defendant argues the trial court erred in failing to grant his motion to dismiss his prior strike offense, which was based on a plea agreement, as invalid.  In 2002, defendant pleaded no contest to one count of carrying a loaded firearm, in violation of former Penal Code section 12031, subdivision (a)(1),[2] a misdemeanor offense that was raised to a felony in defendant's case due to a gang allegation under section 186.22, subdivision (b)(1).  In *People v. Robles* (2000) 23 Cal.4th 1106, the Supreme Court held that in order for a section 186.22, subdivision (a) allegation to raise a former section 12031 offense to a felony, *all* of the elements of section 186.22, not just that the defendant was an "active participant in a criminal street gang"—must be present.[3] Defendant argues that because the record does not demonstrate the plea admitted all of the elements of section 186.22, subdivision (a), the underlying strike is invalid and must be dismissed.  We affirm.

**BACKGROUND**

*1.    The Offenses*

On November 2, 2012, at approximately 12:33 a.m., Officer Nicholas Franco of the West Covina Police Department was driving in West Covina in an area that was

---

[1] All statutory references herein are to the Penal Code unless otherwise indicated.

[2] Former section 12031, subdivision (a)(1) is now section 25850.  (Added by Stats. 2010, ch. 711, § 6, eff. Jan. 1, 2011, operative Jan. 1, 2012.)  Former section 12031, subdivision (a)(2)(C) provided the offense was a felony where "the person is an active participant in a criminal street gang, as defined in subdivision (a) of Section 186.22 . . . ."

[3] A violation of section 186.22, subdivision (a) has three elements.  The first is active participation in a criminal street gang, in the sense of participation that is more than nominal or passive.  (*People v. Castenada* (2000) 23 Cal.4th 743, 745.)  The second is knowledge the gang's members "engage in or have engaged in a pattern of criminal gang activity."  (§ 186.22, subd. (a).)  The third is conduct that willfully promotes, furthers, or assists in any felonious criminal conduct by members of that gang.  (*People v. Lamas* (2007) 42 Cal.4th 516, 523; *People v. Robles*, *supra*, 23 Cal.4th at p. 1115.)

known for the use and sale of illegal substances. From about 30 to 45 feet away, Officer Franco observed a parked car near 256 North Ardilla Avenue. Officer Franco shone his spotlight on the car, and observed that the car was parked two or three feet away from the curb, and had its trunk, front driver and passenger doors open. Defendant was standing near the open driver's side door. Officer Franco drove his patrol car over to the vehicle, and defendant ran away. Officer Franco ordered defendant to get on the ground, but defendant kept running. Officer Franco believed defendant was either attempting to destroy contraband or arming himself.

Officer Franco observed defendant throw a white object from his left hand, and saw that the object fell on a patio area nearby. Defendant got down on the ground and was detained. The white object that defendant threw aside contained two baggies, one inside the other, each of which contained methamphetamine, weighing 27.8 grams and .71 grams. Nearby, police also found a digital scale. Another officer searched defendant and found $1,785 in currency in defendant's pocket. The trunk of defendant's car yielded a cell phone and a duffel bag with men's clothing. Officer Franco opined that defendant possessed the methamphetamine for sale.

2.      *The Information and Defendant's Plea*

An information filed March 25, 2013 charged defendant with one count of possession of methamphetamine for sale in violation of Health and Safety Code section 11378 and one count receiving stolen property in violation of section 496, subdivision (a). The information further alleged that defendant had suffered a prior strike pursuant to sections 1170.12, subdivisions (a) through (d) and 667, subdivisions (b) through (i), and that defendant had suffered two prior prison terms pursuant to section 667.5, subdivision (b).

On June 25, 2013, defendant pleaded no contest to count 2, and on June 26, 2013, he pleaded no contest to count 1, but did not admit the priors.

3

3.      *Defendant's Motion to Strike*

On August 16, 2013, defendant moved to dismiss his strike pursuant to *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497, and challenged the validity of the plea to the former section 12031, subdivision (a)(1) violation in the prior 2002 strike case. Defendant argued that the information in his prior case did not allege all of the elements of a section 186.22, subdivision (a) offense and thus could not support the raising of the former section 12031 offense to a felony, relying on *People v. Robles*, *supra*, 23 Cal.4th 1106. Defendant therefore requested the court to dismiss his prior strike as constitutionally infirm.

On August 27, 2013, the court conducted a hearing on defendant's motion and held a court trial on the prior conviction allegation. The court received into evidence defendant's section 969b packet containing, among other things, the abstract of judgment with defendant's January 9, 2002 conviction of one count of carrying a loaded firearm in violation of former section 12031, subdivision (a)(1), and a gang enhancement under section 186.22, subdivision (b)(1).[4] The court found the prior conviction allegation true.

The court observed that "[t]he question raised by your motion is whether it's a valid strike based on the allegation in the complaint and the subsequent plea . . . I tend to think the proper vehicle might be a motion to vacate the plea. I'm not sure I have jurisdiction to declare that strike to be invalid." The prosecution reiterated the court's sentiment that it was not a proper motion and that defendant was required to move to withdraw his plea. Defendant argued that based on the ambiguity of former section 12031, subdivision (a)(1), which was the subject of *People v. Robles*, *supra*, 23 Cal.4th 1106, the record of conviction did not prove a strike because elements of the offense (the

---

[4] Unlike section 186.22, subdivision (a), which describes the elements of a substantive offense, section 186.22, subdivision (b) provides a sentencing enhancement for "any person who is convicted of a felony committed for the benefit of, at the direction of, or in association with any criminal street gang, with the specific intent to promote, further, or assist in any criminal conduct by gang members . . . ."

4

section 186.22 allegations) were missing. The prosecution pointed out that at the time of his plea, defendant understood that the offense would be treated as a strike.

The prosecution read from the transcript of the plea hearing in defendant's prior case.[5] The transcript read, "'in count 1, Mr. Hernandez, charging you with [former section] 12031[, subdivision] (a)(1), being in possession of a loaded firearm, and also being a member of a street gang, a felony, how do you plead?'" Defendant pleaded guilty, and as to the special allegation, defendant admitted the allegation under section 186.22, subdivision (b)(1).

Defendant argued that the statute was ambiguous (1) whether it need only be established that defendant was a member of a criminal street gang, or (2) whether all three elements of section 186.22 must be established, namely, (1) active participation in any criminal street gang, (2) with knowledge that its members engage in or have engaged in a pattern of criminal gang activity, and (3) willfully promoting, furthering, or assisting in any felonious criminal conduct by members of that gang. (§ 186.22, subd. (a).) Defendant acknowledged that normally when a defendant makes a plea, the defendant admits all the elements of the offense; however, defendant argued, that principle did not apply here, as it was not clear whether defendant admitted all the elements of the section 186.22, subdivision (a) allegation, or whether he simply admitted he was a member of a criminal street gang.

At the conclusion of argument, the court noted that "if this was a plea that I took last month, I would probably grant you relief because I'm not sure what was going through the defendant's mind and what occurred. But here, as far as I know, none of the cases you've cited are in a similar situation where a trial court judge was asked to determine, 11 years later, that a plea to a strike was really not a strike." The court stated

[5] Defendant moves to augment the record with the transcript from the plea hearing. The court reporter filed a transcript indicating that the reporter's notes had been destroyed and no transcript is available from defendant's plea hearing.

5

that it did not believe it had the jurisdiction to grant defendant's motion to dismiss the prior strike. The court continued the matter.

At defendant's sentencing hearing held October 8, 2013, the court denied defendant's motion to declare the prior strike invalid. The court stated it did not have jurisdiction to determine if the strike was valid. However, the court struck defendant's prior strike for sentencing purposes. The court explained that the strike was from 2002 and was for carrying a loaded firearm in public with a gang enhancement. In striking the strike, the court stated that there was no factual or legal relationship between the prior offense and the current crimes, and the court observed that defendant had accepted responsibility for his crimes and the defendant had a 13-year-old child.

## DISCUSSION

Defendant argues that the trial court erred in failing to strike his prior strike because former section 12031 was ambiguous, and in making his plea, the record does not reflect that he admitted all of the elements of a gang offense, relying on *People v. Robles*, *supra*, 23 Cal.4th 1106 and *People v. Watts* (2005) 131 Cal.App.4th 589. The People argue that defendant may not collaterally challenge the constitutionality of his prior conviction with a motion to strike in the current proceedings; on the merits, the People argue his challenge fails because his no contest plea supports the validity of his prior strike, and *Robles* and *Watts* do not apply here because here defendant was charged with the enhancement in section 186.22, subdivision (b)(1), which does not suffer from the same ambiguity as section 186.22, subdivision (a) because subdivision (b)(1) contains all of the elements of the substantive offense.

## DEFENDANT'S PLEA IN THE 2002 OFFENSE WAS NOT CONSTITUTIONALLY INVALID

By pleading guilty or no contest, a defendant admits every element of the offense and any sentence enhancements. (*People v. Lobaugh* (1987) 188 Cal.App.3d 780, 785.) A constitutionally invalid plea is one that does not admit all of the elements of a charged offense. (*Bradshaw v. Stumpf* (2005) 545 U.S. 175, 182–183 [125 S.Ct. 2398, 162

6

L.Ed.2d 143].) "On an appellate challenge to a finding that a prior conviction was a strike, where the prior conviction is for an offense that can be committed in multiple ways, one or more of which would not qualify it as a strike, and if it cannot be determined from the record that the offense was committed in a way that would make it a strike, a reviewing court must presume the offense was not a strike." (*People v. Watts*, *supra*, 131 Cal.4th at p. 596, italics omitted.)

A violation of former section 12031, subdivision (a)(1), carrying a loaded firearm in public, is a misdemeanor. (Former § 12031, subd. (a)(1).) Subdivision (a)(2)(C) of former section 12031 elevated the offense to a felony if committed by "an active participant in a criminal street gang, as defined in subdivision (a) of Section 186.22 . . . ." In *People v. Robles*, *supra*, 23 Cal.4th 1106, the Supreme Court found that former section 12031 was susceptible to two meanings because section 186.22, subdivision (a), did not define an "'active participant in a criminal street gang.'" (*Robles*, at p. 1111.) Thus, "'active participant'" might either refer to the substantive elements of the offense as set forth in section 186.22, subdivision (a), or it might simply refer to one element of the offense, namely, that defendant "'actively participates in any criminal street gang.'" (*Id.* at pp. 1111–1112.) After examining the legislative history of former section 12031, *Robles* concluded that in order for a violation of that section to be a felony, proof that a defendant is an "'active participant in a criminal street gang, as defined in subdivision (a) of Section 186.22'" (*id.* at p. 1111) requires proof of all the elements of the substantive offense of active participation in a criminal street gang described in section 186.22, subdivision (a). (*Id.* at p. 1115.)

In *People v. Watts*, *supra*, 131 Cal.App.4th 589, the defendant's plea and sentence in 2000 predated the Supreme Court's decision in *People v. Robles*, *supra*, 23 Cal.4th 1106. The defendant admitted an allegation he had previously suffered a felony conviction of violating former section 12031, subdivision (a)(2)(C) with an allegation that he was "'an active participant of a criminal street gang'" pursuant to section 186.22, subdivision (a). (*Watts*, at p. 592.) Defendant argued his prior conviction did not qualify

7

as a strike because it was not a felony within the meaning of section 1192.7, subdivision (c). *Watts* observed that "[o]n an appellate challenge to a finding that a prior conviction was a strike, where the prior conviction is for an offense that can be committed in multiple ways, one or more of which would not qualify it as a strike, and if it cannot be determined from the record that the offense was committed in a way that would make it a strike, a reviewing court must presume the offense was not a strike." (*Id.* at p. 596, italics omitted.) *Watts* concluded that because the defendant was charged and convicted before *Robles*, "we cannot know whether Watt's plea was an admission of all the elements of section 186.22 or only the active participant element." In such case, the court presumed the least adjudicated elements were true, namely, that defendant was convicted of an offense that did not include all the elements of section 186.22, subdivision (a). (*Id.* at p. 597.) *Watts* therefore remanded the matter for a retrial on defendant's prior conviction and resentencing. (*Ibid.*)

Here, we need not determine whether defendant is entitled to use this appeal to collaterally attack his prior strike conviction because defendant's arguments on the merits suffer from two fatal flaws. First, unlike the defendant in *People v. Watts*, *supra*, 131 Cal.App.4th 589, defendant was sentenced in 2002, after the Supreme Court had decided *People v. Robles*, *supra*, 23 Cal.4th 1106. Thus, defendant's plea in 2002 was made with the knowledge that *Robles* had established the rule that a former section 12031 violation elevated to a felony by virtue of section 186.22, subdivision (a), required a showing that there was factual basis for the plea of all three elements of the section 186.22, subdivision (a) offense. Given that *Robles* clarified any potential ambiguity in former section 12031, defendant cannot claim to be in the same position as the defendant in *Watts*.

The second flaw is closely related to the first flaw. Even assuming *People v. Robles*, *supra*, 23 Cal.4th 1106 applies here in the first instance, defendant's 2002 plea involved an enhancement under section 186.22, subdivision (b)(1), and not proof of a section 186.22, subdivision (a) offense. The section 186.22, subdivision (b)(1) allegation here resolved the ambiguity set forth in *Robles* because section 186.22, subdivision (b)(1)

provides for a sentence enhancement where the defendant is convicted of "a felony committed for the benefit of, at the direction of, or in association with any criminal street gang, with the specific intent to promote, further, or assist in any criminal conduct by gang members." These are the elements set forth in *Robles* as required for a former section 12031 charge to be elevated to a felony, namely, "'actively participat[ing] in any criminal street gang with knowledge that its members engage in or have engaged in a pattern of criminal gang activity' and 'willfully promot[ing], further[ing], or assist[ing] in any felonious criminal conduct by members of that gang.' (§ 186.22[, subd.] (a).)" (*Robles*, at p. 1115.) Thus, by pleading to the section 186.22, subdivision (b)(1) enhancement, defendant pleaded to all three elements of the section 186.22, subdivision (a) offense and removed any potential ambiguity in his plea that might have existed even if *Robles* had not yet been decided.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.


JOHNSON, J.


We concur:


CHANEY, Acting P. J.


BENDIX, J.*

---

\* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.