Filed 12/23/24  P. v. Garcia CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E081788 |
| v. | (Super.Ct.No. BAF2101238) |
| TIZOC GARCIA, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Angel M. Bermudez, Judge.  Affirmed in part, reversed in part, remanded with directions.

Joseph Doyle, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Steve Oetting and Joshua Trinh, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant and appellant Tizoc Garcia shot a man with a shotgun.  A jury convicted him of assault with a firearm, among other charges.  The trial court found true allegations that he had two prior convictions that were serious felonies and strikes—one in 2002 for participation in a criminal street gang (Pen. Code,[1] § 186.22, subd. (a)), the other in 2009 for aggravated assault (§ 245, subd. (a))—and sentenced him to 25 years to life in prison, along with several stayed terms.

The parties disagree as to whether there is sufficient evidence to support the trial court's findings that Garcia's 2009 conviction was a serious felony and a strike.  We find the evidence to be sufficient, and therefore affirm those findings.

The parties agree, however, that the trial court erred in three other ways.  Insufficient evidence supports the trial court's finding that his 2002 conviction was a serious felony and a strike.  The minutes of Garcia's sentencing and the abstract of judgment have a clerical error, mixing up the sentences imposed for two counts.  Also, the court erred in pronouncing judgment on one of the counts, calculating a determinate term based on an upper term of four years, when the upper term for the offense is three years.  We agree with the parties on these issues.  Reversal in part and remand for further proceedings is therefore necessary.

## FACTS

On September 28, 2021, Garcia accused his victim—another boyfriend of his girlfriend—of stealing his fentanyl, and they got into a fistfight.  The next day, Garcia

---

[1]  Undesignated statutory references are to the Penal Code.

remained angry and convinced someone had stolen his drugs. He first brandished a shotgun at a third man and then shot at the victim, hitting him in the leg.

In 2023, Garcia was tried and convicted of assault with a firearm (§ 245, subd. (a)(2), count 1), being a felon in possession of a firearm (§ 29800, subd. (a)(1), count 2), and being a felon in possession of ammunition (§ 30305, subd. (a), count 3). The jury also found true as to count 1 that Garcia personally inflicted bodily injury (§ 12022.7, subd. (a)) and personally used a firearm (§ 12022.5, subd. (a)) and as to count 2 that he was personally armed with a firearm (§ 12022, subd. (a)(1)). The trial court found that Garcia had two prior convictions that were serious felonies (§ 667, subd. (a)) and strikes (§§ 667, subds. (b)-(i), 1170.12).

The court sentenced Garcia to 25 years to life in prison. The sentence includes a term of 25 years to life on count 1, and stayed terms of 25 years to life on count 2 and 8 years on count 3. The court struck punishment for the enhancements of counts 1 and 2.

DISCUSSION

A. *Garcia's 2009 Conviction*

The parties disagree whether substantial evidence supports the trial court's finding that Garcia's 2009 conviction was a serious felony and thus a strike. We conclude it does.

Before 2012, former section 245, subdivision (a)(1), "punishe[d] assault committed *either* by means 'likely to produce great bodily injury' (GBI) *or* by use of 'a deadly weapon . . . other than a firearm.'" (*People v. Delgado* (2008) 43 Cal.4th 1059,

3

1063 (*Delgado*); see *People v. Frahs* (2018) 27 Cal.App.5th 784, 795 [discussing 2011 amendments to § 245].) By statute, "assault with a deadly weapon" is a serious felony and a strike. (§ 1192.7, subd. (c)(31); see § 667, subds. (a)(4), (d)(1).) Serious felonies also include all those "in which the defendant *personally inflicts* great bodily injury on any person." (§ 1192.7, subd. (c)(8), italics added.) "[A]ssault merely by *means likely to produce* GBI, without the additional element of personal infliction, is not included in the list of serious felonies." (*Delgado*, at p. 1065.) Thus, a pre-2012 conviction under the deadly weapon prong of former section 245, subdivision (a)(1), is a serious felony and a strike, but a conviction under the GBI prong without the additional element of personal infliction is not.

"Where, as here, the mere fact that a prior conviction occurred under a specified statute does not prove the serious felony allegation, otherwise admissible evidence from the entire record of the conviction may be examined to resolve the issue." (*Delgado*, *supra*, 43 Cal.4th at p. 1065.) "A common means of proving the fact and nature of a prior conviction is to introduce certified documents from the record of the prior court proceeding and commitment to prison, including the abstract of judgment describing the prior offense." (*Id.* at p. 1066.) "'[The] trier of fact is entitled to draw reasonable inferences from certified records offered to prove a defendant suffered a prior conviction . . . .'" (*Ibid.*) Such records are presumed authentic, accurate, and sufficient, in the absence of contrary evidence. (*Ibid.*; see Evid. Code, § 664 [official duty presumption].) "However, if the prior conviction was for an offense that can be

4

committed in multiple ways, and the record of the conviction does not disclose how the offense was committed, a court must presume the conviction was for the least serious form of the offense." (*Delgado*, at p. 1066.)

"The prosecution has the burden of proving beyond a reasonable doubt each element of a prior conviction used to enhance a defendant's sentence." (*People v. Rodriguez* (2004) 122 Cal.App.4th 121, 128.) We review the record in the light most favorable to the judgment to determine whether it is supported by substantial evidence. (*Delgado*, *supra*, 43 Cal.4th at p. 1067.)

In *Delgado*, our Supreme Court held that a notation in an abstract of judgment describing a conviction in a manner that "tracks one, but only one, of the two specific, discrete, disjunctive, and easily encapsulated forms of aggravated assault set forth in section 245(a)(1)" is a presumptively reliable official record. (*Delgado*, *supra*, 43 Cal.4th at p. 1069.) Thus, without rebuttal evidence, such an abstract of judgment is sufficient on its own to support a finding "beyond reasonable doubt that a prior serious felony conviction had occurred." (*Id*. at pp. 1069-1070.)

The abstract of judgment description that the *Delgado* court found sufficient identified the statute under which the conviction occurred as "'PC' '245(A)(1),'" then separately describe[d] the offense as 'Asslt w DWpn.'" (*Delgado*, *supra*, 43 Cal.4th at p. 1069.) The abstract of judgment of Garcia's 2009 conviction is substantially similar. It identifies the statute under which the conviction occurred as "PC" "245(a)(1)," then separately describes the offense as "Assault W/Deadly."

5

Garcia argues the absence of the word "weapon," "even in abbreviated form," means *Delgado* is distinguishable from this case. In his view, "it is impossible to say whether it was just the word 'weapon' that was cut off or whether it was 'weapon or with force likely to cause great bodily injury' (or some similar notation)." This argument applies equally well, however, to the description at issue in *Delgado*, which could be short for "Asslt w DWpn or GBI" or some similar notation. And *Delgado* expressly rejected this line of reasoning: "Where, as here, the abstract first identified the statute by section number, then separately and clearly described only one of the two means by which the statute can be violated, the court was not required to assume the descriptive language was mere surplusage. Absent any rebuttal evidence, the court could reasonably infer that the words were there for a reason, that they meant what they said, and that they accurately set forth the form of violation for which the defendant was convicted." (*Delgado*, *supra*, 43 Cal.4th at p. 1071.)

Moreover, the trial court that prepared Garcia's 2009 abstract of judgment had the benefit of our Supreme Court's admonition in *Delgado* that "[w]hen a defendant is convicted under a statute, such as section 245(a)(1), that covers in the alternative two slightly different offenses, only one of which is defined as a serious felony . . . it is necessary that the abstract of judgment specify, with scrupulous accuracy, the crime of which the defendant was actually charged and convicted." (*Delgado*, *supra*, 43 Cal.4th at p. 1072.) Thus, in addition to the abstract of judgment being a "statutorily sanctioned, officially prepared clerical *record* of the conviction and sentence" made at the time of the

6

trial (*Id.* at p. 1070), the trial court had been recently and emphatically instructed by our Supreme Court that the abstract of judgment must reflect the precise distinction at issue. In the absence of affirmative evidence to the contrary, we presume the court followed that instruction.

In addition, in *Delgado*, our Supreme Court stated: "[A]n accusatory pleading may specify that a charged offense involves facts making the offense a serious felony. The serious felony issue will then be tried unless the defendant separately admits it as part of a guilty plea. (§ 969f.) By this means as well, the serious felony nature of the offense will become an explicit part of the record of conviction, leaving no room for confusion if and when the issue becomes relevant to the sentence for a subsequent felony." (*Delgado*, *supra*, 43 Cal.4th at p. 1072; see § 969f, subd. (a) ["If the defendant pleads not guilty to the offense charged in any count which alleges that the defendant committed a serious felony, the question whether or not the defendant committed a serious felony as alleged shall be tried by the court or jury which tries the issue upon the plea of not guilty."])

The trial court and the prosecution here followed this procedure and, without objection by the defense, the trial court took judicial notice that the information alleged Garcia's violation of section 245, subdivision (a)(1), was committed with a deadly weapon, specifically, chains, making it a strike offense. Our opinion in Garcia's direct appeal from that conviction is in accord: "A jury found defendant guilty of assault with a deadly weapon, to wit, chains." (*People v. Garcia* (Mar. 1, 2011, E050587) [nonpub.

7

opn.]; see § 1172.6, subd. (d)(3) ["The court may also consider the procedural history of the case recited in any prior appellate opinion"].)

Garcia presented no evidence or argument in support of a different conclusion about his prior conviction. Thus, here as in *Delgado*, the prosecution "presented prima facie evidence, in the form of a clear, presumptively reliable official record of defendant's prior conviction, that the conviction was for the serious felony of assault with a deadly weapon. Defendant produced no rebuttal evidence. Utilizing the presumption of official duty, and drawing reasonable inferences from the official record, the trial court, as a rational trier of fact, could thus properly find beyond a reasonable doubt that a prior serious felony conviction had occurred." (*Delgado*, *supra*, 43 Cal.4th at p. 1070.)

Garcia argues that *Delgado* "conflicts with recent case law from both the United States and California Supreme Courts about the limits of judicial factfinding." He quotes *Descamps v. United States* (2013) 570 U.S. 254, 268 (*Descamps*) for the proposition that "the only facts the court can be sure the jury so found are those constituting elements of the offense—as distinct from amplifying but legally extraneous circumstances." (*Descamps*, at pp. 269-270) And he cites *Mathis v. United States* (2016) 579 U.S. 500 (*Mathis*) and *People v. Gallardo* (2017) 4 Cal.5th 120 for similar points. (See *Mathis*, at pp. 511-512 ["...only a jury, and not a judge, may find facts that increase a maximum penalty, except for the simple fact of a prior conviction," so a judge "can do no more, consistent with the Sixth Amendment, than determine what crime, with what elements, the defendant was convicted of"]; *Gallardo*, at p. 124 ["While a sentencing court is

8

permitted to identify those facts that were already necessarily found by a prior jury in rendering a guilty verdict . . . the court may not rely on its own independent review of record evidence to determine what conduct 'realistically' led to the defendant's conviction."].)

We disagree that *Delgado* is incompatible with *Descamps*, *Mathis*, or *Gallardo*. *Delgado* does not authorize the trial court to independently review the record evidence to find facts beyond those constituting elements of the offense. Rather, it holds that, in the absence of rebuttal evidence, an abstract of judgment that meets certain criteria is sufficient evidence to support a determination of "what crime, with what elements, the defendant was convicted of." (*Mathis*, *supra*, 579 U.S. at pp. 511-512; see *Delgado*, *supra*, 43 Cal.4th at p. 1071 ["Absent any rebuttal evidence, the court could reasonably infer that the words were there for a reason, that they meant what they said, and that they accurately set forth the form of violation for which the defendant was convicted"].) This is precisely the kind of judicial fact finding *approved* by *Descamps*, *Mathis*, and *Gallardo*, focused on determining what facts the jury must have found when it found the defendant guilty.

Garcia relies on *People v. Hudson* (2018) 28 Cal.App.5th 196, 210 (*Hudson*), in which the court of appeal found that the abstract of judgment alone did not show the defendant was convicted under the deadly weapon prong of section 245, subdivision (a)(1), despite its plain language. *Hudson* involved an abstract of judgment describing the defendant's conviction in similar terms to that abstract of judgment considered in

9

*Delgado*: "'Assault w/ deadly weapon.'" (*Hudson*, at p. 209.)  Nevertheless, in *Hudson*, the court of appeal commented that "the abstract may reflect the court's own interpretation and factfinding of the available evidence." (*Id.*, at p. 210.)

The context of this comment, however, is important.  *Hudson* involved a possible conflict between the accusatory pleadings, which had been amended with handwritten language, and the abstract of judgment. (*Hudson*, *supra*, 28 Cal.App.5th at pp. 202-203.)  Moreover, the defendant had pleaded guilty, and the record was "silent" as to the basis for his plea. (*Id.* at p. 208.)  Thus, although the abstract of judgment was unambiguous on its face, there was "rebuttal evidence" (*Delgado*, *supra*, 43 Cal.4th at p. 1071) that arguably could support a different conclusion about the nature of the defendant's prior conviction.  The trial court in *Hudson* relied on the preliminary hearing transcript to resolve the evidentiary conflict. (*Hudson*, at pp. 202-203 & fn. 3, 208-209.)  In doing so, the *Hudson* court of appeal concluded the trial court ran afoul of the rules regarding judicial fact finding articulated in *Descamps*, *Mathis*, and *Gallardo*. (See *Hudson* at pp. 208-209 [citing *Gallardo*].)  There was no analogous conflict in the evidence or impermissible judicial fact finding in *Delgado*, nor is there any in the case before us.

B.  *Garcia's 2002 Conviction*

Garcia argues, and the People concede, there is insufficient evidence to support the trial court's determination that Garcia's 2002 conviction was a strike.  The parties also agree the appropriate remedy is a remand so that the People may retry that strike allegation.  We agree on both points.

10

"[A]ny felony offense, which would also constitute a felony violation of Section 186.22," is a serious felony and a strike. (§ 1192.7, subd. (c)(28); see §§ 667, subds. (a)(4), (d)(1), 1170.12, subd. (b)(1).) In 2002, Garcia pleaded guilty to violating former section 186.22, subdivision (a).

In 2012, however, our Supreme Court clarified the meaning of section 186.22, subdivision (a), holding that a gang member acting alone cannot violate it; rather, an active gang member must commit a felony offense with one or more fellow gang members. (*People v. Rodriguez* (2012) 55 Cal.4th 1125, 1131-1132, 1138-1140 (plur. opn. of Corrigan, J.) (*Rodriguez*); see also *id.* at pp. 1139-1140 (conc. opn. of Baxter, J.).) Because judicial decisions are generally "'given retroactive effect,'" *Rodriguez* "declared not only what that section meant at that time, but what it had always meant," including when Garcia "suffered [his] prior conviction[]." (*People v. Scott* (2023) 91 Cal.App.5th 1176, 1183-1184, review granted Sept. 27, 2023, S280776.)

Thus, in 2023, when the prosecution sought to prove Garcia's 2002 conviction qualified as a strike, "the understanding of the elements of the offense had shifted." (*People v. Strike* (2020) 45 Cal.App.5th 143, 150 (*Strike*).) "Certain conduct that was considered gang participation prior to *Rodriguez* no longer qualified. This change in the interpretation of section 186.22(a) rendered a pre-*Rodriguez* conviction inconclusive on its face as to whether it qualified as a strike." (*Ibid*; accord *People v. Farias* (2023) 92 Cal.App.5th 619, 648-650; *People v. Watts* (2005) 131 Cal.App.4th 589, 596-597.) The prosecution therefore "could not simply rely on the fact defendant had suffered a

11

conviction for violating section 186.22(a)," but had to also "prove defendant admitted all of the elements of the offense as explained by *Rodriguez*, including that he committed a felony offense with another member of his gang." (*Strike*, at p. 150.)  The parties agree, as do we, that the prosecution did not satisfy that evidentiary burden, so the trial court's true finding on the prior conviction allegation for Garcia's 2002 conviction must be reversed.[2]

Nevertheless, "reversal of a true finding on a prior conviction allegation does not prevent retrial of that enhancement." (*Strike*, *supra*, 45 Cal.App.5th at p. 154.)  Rather, "the appropriate remedy is to remand the case to the trial court for a new hearing on the prior strike allegation 'to permit the People to demonstrate to the trial court, based on the record of the prior plea proceedings, that defendant's guilty plea encompassed a relevant admission about the nature of [his] crime.'" (*Ibid.*)  "Upon remand, the prosecution may be able to provide a reporter's transcript of the [2002] plea proceedings or other documentation not previously provided, which may shed light on whether defendant admitted any additional facts as part of his guilty plea." (*Ibid.*)  In the alternative, the People may choose not to retry that prior strike allegation.  In any case, the trial court will need to resentence Garcia.

---

[2]  This conclusion based on *Rodriguez* and *Strike* means we need not address Garcia's arguments relating to the changes to section 186.22 enacted by Assembly Bill No. 333 (2021-2022 Reg. Sess.).

C. *Conceded Clerical Error and Sentencing Error*

The trial court sentenced Garcia to 25 years to life for count 2 and eight years for count 3, staying both terms under section 654. The sentencing minute order and the abstract of judgment, however, reversed this, showing the court imposed a stayed eight-year term for count 2 and a stayed 25 years to life term for count 3. The parties agree, as do we, that the court's oral pronouncement of judgment controls. (See *People v. Mitchell* (2001) 26 Cal.4th 181, 185-186.)

Also, the eight-year stayed term imposed for count 3 was calculated as the "upper term" of "four years" for the offense of possessing ammunition as a felon in violation of section 30305, subdivision (a), "doubled to eight years." The upper term for violating section 30305, subdivision (a), is three years, not four. (§§ 18, subd. (a); 1170, subd. (h)(1); § 30305, subd. (a); see also *People v. Butler* (2022) 75 Cal.App.5th 216, 225.) The parties agree, as do we, that Garcia's failure to object to this error at sentencing does not preclude him from seeking relief on appeal from the unauthorized sentence. (See *People v. Anderson* (2020) 9 Cal.5th 946, 962.)

We are already vacating defendant's sentence and remanding the matter for further proceedings, including resentencing. We expect that the trial court will not repeat these errors.

## DISPOSITION

The trial court's true findings on the serious felony prior and strike prior allegations regarding Garcia's 2002 conviction under section 186.22, subdivision (a), are

reversed and Garcia's sentence is vacated.  We remand the matter for retrial of those prior conviction allegations, if the People so choose, and resentencing.  In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAPHAEL          
                                                                    J.

We concur:

RAMIREZ          
                    P. J.

CODRINGTON      
                    J.

14