[No. A051026. First Dist., Div. Four. Oct. 16, 1990.]

LESHER COMMUNICATIONS, INC., Petitioner, v.
THE SUPERIOR COURT OF CONTRA COSTA COUNTY,
Respondent;
THE PEOPLE et al., Real Parties in Interest.

## COUNSEL

Crosby, Heafey, Roach & May, John E. Carne, Joseph P. Mascovich and Thomas R. Burke for Petitioners.

Victor J. Westman, County Counsel, and Arthur W. Walenta, Assistant County Counsel, for Respondent.

Gary T. Yancey, District Attorney, Darrell J. Campbell, Deputy District Attorney, Steve Houghton, Marlene Weinstein and Rebecca S. Young for Real Parties in Interest.

## OPINION

**ANDERSON, P. J.**—Lesher Communications, Inc., publisher of the Contra Costa Times, challenges an order of respondent superior court denying it access to completed juror questionnaires. We agree that Lesher is entitled to inspect the juror questionnaires, which are a part of the voir dire process, but only after appropriate precautions have been taken to protect legitimate privacy concerns of potential jurors.

The case in which the questionnaires are sought is the triple murder trial of John Sapp (defendant) in which the prosecution is seeking the death penalty. Prior to oral examination of prospective jurors, Lesher requested that the questionnaires used in jury selection be made available for public

inspection. The defendant opposed the request on the ground that release of completed questionnaires would violate the jurors' legitimate expectations of privacy. He called attention to the just released case of *Copley Press, Inc.* v. *Superior Court* (1990) 223 Cal.App.3d 994 [272 Cal.Rptr. 22], which set forth a protocol for public access to such questionnaires, but refused to apply it in that case because questionnaires had been filled in under a promise of confidentiality and the trial had been completed. The defendant here successfully argued that the questionnaires likewise were completed pursuant to a promise of confidentiality, since the jurors were informed that the questionnaires would only be viewed by the lawyers and the court. We stayed the trial and issued an alternative writ directing the court to grant Lesher conditional access or to show cause why it should not.

■ Our order is compelled by the U.S. Supreme Court in *Press-Enterprise Co.* v. *Superior Court* (1984) 464 U.S. 501 [78 L.Ed.2d 629, 104 S.Ct. 819], in which the court held the First Amendment to the United States Constitution affords a right of access to jury voir dire examination in a criminal trial. Although this right is not absolute, "[t]he presumption of openness may be overcome only by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest." (At p. 510 [78 L.Ed.2d at p. 638].)

The Supreme Court recognized that "[t]he jury selection process may, in some circumstances, give rise to a compelling interest of a prospective juror when interrogation touches on deeply personal matters that person has legitimate reasons for keeping out of the public domain." (*Press-Enterprise Co.* v. *Superior Court, supra*, 464 U.S. at p. 511 [78 L.Ed.2d at p. 639].) To protect this interest in privacy, the court should initially inform the jurors "that those individuals believing public questioning will prove damaging because of embarrassment, may properly request an opportunity to present the problem to the judge in camera but with counsel present and on the record." (*Id.* at p. 512 [78 L.Ed.2d at p. 640].)

"By requiring the prospective juror to make an affirmative request, the trial judge can ensure that there is in fact a valid basis for a belief that disclosure infringes a significant interest in privacy. This process will minimize the risk of unnecessary closure. The exercise of sound discretion by the court may lead to excusing such a person from jury service. When limited closure is ordered, the constitutional values sought to be protected by holding open proceedings may be satisfied later by making a transcript of the closed proceedings available within a reasonable time, if the judge determines that disclosure can be accomplished while safeguarding the juror's

valid privacy interests. Even then a valid privacy right may rise to a level that part of the transcript should be sealed, or the name of a juror withheld, to protect the person from embarrassment." (*Press-Enterprise Co.* v. *Superior Court, supra,* 464 U.S. at p. 512 [78 L.Ed.2d at p. 640].)

■ It follows that the public access mandate of *Press-Enterprise* applies to voir dire questionnaires as well as to oral questioning. Defendant argues that, if this court holds that disclosure is required, disclosure should be limited to those questions and answers related to questions asked the juror in open court. We reject such a limitation. The questionnaire is a part of the voir dire itself. The fact that a lawyer does not orally question a juror about a certain answer does not mean that the answer was not considered in accepting or rejecting the juror.

The court's decision to deny access to the questionnaire was premised upon the following promise in its introduction: "This information will not be seen by anyone except the lawyers, their staffs, the defendant, my staff and myself." The court found that juror confidence in the court would be diminished if the questionnaires were now to be made public. Immediate disclosure of the completed questionnaires, however, is not the only alternative at this stage of the trial which would satisfy *Press-Enterprise.* The prospective jurors should be informed of this court's decision and afforded the opportunity to fill out a new questionnaire with appropriate alternatives for protecting privacy in legitimate cases; or the entire process could be recommenced with a new jury panel, as respondent court prays, "correctly instructed as to the law requiring public disclosure of their answers to the jury questionnaires."[1]

■ In *Copley* the court held that the following approach satisfies *Press-Enterprise.* First, the superior court should "advise the veniremen that they have the right to request in camera hearings on sensitive questions rather than writing their answers in the questionnaire. Counsel should be present and the session should be reported, with the trial court determining afterward on the record whether a legitimate privacy interest warrants protection. If it does, the trial court should then seal the transcript of the hearing. Henceforth, the superior court shall inform the veniremen of their right to request in camera hearings to answer specific sensitive questions rather than filling out those answers on the questionnaire form. No explicit or implicit

---

[1] Respondent court in its return asks this court to permit discharge of the existing jury venire without disclosure of their questionnaires if this court holds that questionnaires of prospective jurors must be disclosed. This is a reasonable alternative. If respondent court dismisses the entire venire, the questionnaires, completed in reliance on the understanding of confidentiality, need not be disclosed.

promise of confidentiality should be attached to the information contained in the questionnaires; rather the veniremen shall be expressly informed the questionnaires are public records. Secondly, the superior court shall provide access to the questionnaires. The access to the individual juror's questionnaires shall be provided when the individual juror is called to the jury box for oral voir dire. when the jury selection process is completed, public access to questionnaires submitted by veniremen never called to the jury box shall be provided as well." (*Copley Press, Inc.* v. *Superior Court, supra,* 223 Cal.App.3d at pp. 1002-1003.)

We agree with this procedure with but one exception: *Press-Enterprise* does not require that disclosure be made of questionnaires submitted by venirepersons never called to the jury box for voir dire; we assume that these questionnaires play no role whatsoever until a prospective juror is actually called to the jury box. The *Press-Enterprise* court rested its decision that voir dire must be open to the public on the interest of the public in open criminal trials. A review of the history and tradition of open criminal proceedings in English and American courts led to the conclusion that an open trial included an open voir dire. However, venirepersons who are never called to the jury box do not play any part in the voir dire or the trial. They fill out the questionnaire only as a prelude to their participation in voir dire. The questionnaire serves no function in the selection of the jury unless the person filling it out is actually called to be orally questioned. We see no legitimate public interest in disclosure of these questionnaires.

Finally, we reject respondent court's contention that certain information contained in the questionnaire is designed to determine juror qualification and should remain confidential pursuant to *Pantos* v. *City and County of San Francisco* (1984) 151 Cal.App.3d 258 [198 Cal.Rptr. 489]. Presumably, the jurors have already submitted such information, been deemed qualified, added to the master jury rolls, and now been called to service. Examination of the 120 questions included in the subject questionnaire leads to but one conclusion concerning their purpose: to select a fair and impartial jury in *this* case, People v. Sapp.

Let a peremptory writ of mandate issue directing respondent court to vacate its order denying Lesher's motion for access to juror questionnaires

and to issue a new order consistent with the views expressed in this opinion.[2]

Poché, J., and Reardon, J., concurred.

The petition of real parties in interest for review by the Supreme Court was denied December 13, 1990. Mosk, J., and Broussard, J., were of the opinion that the petition should be granted.

---

[2] This court is aware that the procedure set forth herein as dictated by *Press-Enterprise* will result in some disruption and delay in the jury selection process. Nonetheless, such concerns do not "reach constitutional dimensions" (*Copley Press, Inc.* v. *Superior Court, supra,* 223 Cal.App.3d at p. 1000) and, if the jury selection provisions of Proposition 115 are upheld, the number of in camera hearings necessary to protect privacy interests of prospective jurors in future cases will undoubtedly be greatly reduced.