[No. D022320. Fourth Dist., Div. One. Feb. 22, 1996.]

THE PEOPLE, Plaintiff and Respondent, v.
EARL FRANK WESTBROOK, Defendant and Appellant.

**COUNSEL**

Eugene G. Iredale for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Jeffrey J. Koch, M. Howard Wayne and Pat Zaharopoulos, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**WORK, J.**—A grand jury indicted Earl Frank Westbrook on 24 counts of trafficking in, manufacturing and marketing methamphetamine. Count 23 of the indictment charged Westbrook and 10 other people with unlawfully

manufacturing methamphetamine (Health and Saf. Code,[1] § 11379.6, subd. (a)) between February 21 and 22, 1992. This charge included allegations the substance containing methamphetamine exceeded three gallons of liquid by volume (§ 11379.8, subd. (a)(1)) and ten pounds of solid substance by weight (§ 11379.8, subd. (a)(3)). Under the provisions of a plea bargain, Westbrook pled guilty under *People v. West* (1970) 3 Cal.3d 595 [91 Cal.Rptr. 385, 477 P.2d 409] to count 23 and admitted the "three pound weight allegation."[2] He stated he understood as a consequence of his plea he could receive a maximum penalty of 12 years in prison and a $20,000 fine.

Westbrook later moved to dismiss or vacate his conviction based on a claim he had twice been put in jeopardy because of civil asset forfeiture cases brought against him by the federal government. The court denied the motion. The court also denied his motion to strike the enhancement, which he based on an argument the substance seized was less than 10 gallons.

The court sentenced Westbrook to a total ten-year term, five years for manufacturing methamphetamine, plus five years for the weight enhancement.

Westbrook contends the court erred by denying his motion to strike the sentence enhancement; by denying his motion to vacate his criminal conviction as a violation of guarantees against double jeopardy; and by imposing a sentence longer than that of a codefendant. We affirm.

## DISCUSSION

I. *Enhancement Under Section 11379.8, Subdivision (a)(2)*

Section 11379.8, subdivision (a)(2) states "[w]here the substance[3] exceeds 10 gallons by liquid volume or three pounds of solid substance by weight, the person shall receive an additional term of five years." ▮ Westbrook asserts this sentencing enhancement is not applicable to his case because the substance seized was only seven and one-half gallons of liquid volume and no solid substance was seized at all.

Westbrook, however, admitted the "three pound weight allegation" under *People v. West, supra*, 3 Cal.3d 595 as a part of a plea bargain. A plea of guilty is an admission to every element of the charged offense and constitutes a conclusive admission of guilt. (*People v. Lobaugh* (1987) 188

---

[1]All statutory references are to the Health and Safety Code unless otherwise specified.

[2]The charging document alleges the substance exceeded three gallons of liquid by volume (§ 11379.8, subd. (a)(1)) (an additional three-year term) and ten pounds of solid substance by weight (§ 11379.8, subd. (a)(3)) (an additional ten-year term). Westbrook admitted the "three pound weight allegation" (§ 11379.8, subd. (a)(2)), which carries a five-year sentencing enhancement.

[3]The word "substance" in his context means a "substance containing a controlled substance" (§ 11379.8, subd. (a)) such as methamphetamine (§ 11055, subd. (d)(2)).

Cal.App.3d 780, 785 [233 Cal.Rptr. 683].) "Admissions of enhancements are subject to the same principles as guilty pleas." (*Ibid.*) Westbrook admitted the weight allegation and stipulated the grand jury transcripts would provide the factual basis for his plea. Through these actions he precluded consideration of whether there was a factual basis for the enhancement. (*People* v. *Pinon* (1979) 96 Cal.App.3d 904, 909-910 [158 Cal.Rptr. 425].) " 'Issues cognizable on an appeal following a guilty plea are limited to issues based on "reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings" resulting in the plea.' " (*Id.* at p. 910, quoting *People* v. *DeVaughn* (1977) 18 Cal.3d 889, 895 [135 Cal.Rptr. 786, 558 P.2d 872], & Pen. Code, § 1237.5.) The fact he raised the issue after the court had accepted his plea, but before he was sentenced is of no consequence. He never sought to withdraw his plea, but asked the court only to strike the weight enhancement. There is no indication in the record of an inequitable plea bargain or indication Westbrook did not receive the benefits of his bargain. Westbrook's arguments the grand jury transcripts do not support the weight allegation does not raise an issue on appeal based on "reasonable constitutional, jurisdictional or other grounds going to the legality of the proceedings" resulting in the plea. We thus do not address his arguments on the merits.

II. *Double Jeopardy Claim*

 Westbrook contends forfeiture of his interests in property under federal civil forfeiture actions for the same offenses for which he has been sentenced in this case constitutes a violation of his guarantees against double jeopardy. He also asserts the multiple prosecutions are forbidden by Penal Code sections 654 and 656.

His contentions fail. Prosecutions and convictions for the same offense by state and federal authorities are not barred by constitutional protections against double jeopardy. (*Heath* v. *Alabama* (1985) 474 U.S. 82, 88 [88 L.Ed.2d 387, 393-394, 106 S.Ct. 433].) The prosecutions against Westbrook were conducted by two separate sovereigns. Thus, his double jeopardy rights were not violated.

Westbrook alleges the sovereigns who prosecuted him were separate in name only. Claiming the second prosecution was a mere sham brought on behalf of the government which conducted the first prosecution, he seeks to invoke a narrow exception to the general rule that successive prosecutions by separate sovereigns are permissible. He argues federal Drug Enforcement Agency agents and local law enforcement officers participated in a task force which did the investigative work for the prosecutions in the state and federal courts, and a deputy district attorney was designated as a special assistant United States Attorney and appeared in the federal civil forfeiture

case. Although the "sham separate sovereign" exception has been recognized by some courts (see, e.g., *U.S.* v. *Figueroa-Soto* (9th Cir. 1991) 938 F.2d 1015, 1018-1019), it is quite restricted. For example, in *Figueroa-Soto*, the court refused to accept the argument even though the state had prosecuted at the request of federal authorities and the same prosecutor had conducted both the state and federal prosecutions. (*Id.* at pp. 1018-1020.) The court in *U.S.* v. *Paiz* (7th Cir. 1990) 905 F.2d 1014, ruled allegations that the United States Drug Enforcement Agency was actively involved in the state investigation and arrest of the defendant and that a state prosecutor was designated a special duty United States Attorney for purposes of the federal prosecution did not establish the separate prosecutions were a sham. (*Id.* at p. 1024.) There, the court stated, "[These facts] [a]t most . . . establish cooperative law enforcement efforts, efforts that are undeniably legal and, indeed, have been called 'a welcome innovation.' " (*Ibid.*)

The circumstances in Westbrook's case do not indicate the state prosecution was conducted on behalf of federal authorities or that the federal forfeiture action was pursued by the state. John A. Houston, an assistant United States Attorney for the Southern District of California and chief of the asset forfeiture unit, declared by affidavit that since 1986 a deputy district attorney from the narcotics division of the San Diego District Attorney's office has been assigned to the asset forfeiture unit. Houston declared the deputy district attorney has been located in the United States Attorney's office, reporting directly to him, and all decisions regarding asset forfeiture cases are under the direction of the United States Attorney. Houston stated there has been no overlap between the federal and state systems and discussions regarding the resolution of a criminal case in conjunction with a civil case is strictly forbidden. Houston specifically declared Westbrook's criminal case was handled entirely in state court and the federal asset forfeiture cases were litigated solely under the direction of the United States Attorney. His affidavit shows Westbrook's civil and criminal prosecutions were conducted by separate sovereigns, thus double jeopardy guarantees were not compromised.

Westbrook's reliance on *U.S.* v. *$405,089.23 U.S. Currency* (9th Cir. 1994) 33 F.3d 1210, is to no avail. The Supreme Court has granted certiorari in that case in *U.S.* v. *Ursery* (1996) __ U.S. __ [133 L.Ed.2d 707, 116 S.Ct. 762] on January 12, 1996. Moreover, *U.S.* v. *$405,089.23 U.S. Currency* is inapposite. In that case the Ninth Circuit court ruled a civil forfeiture action constituted punishment which triggered double jeopardy protections, and, therefore, a federal civil forfeiture action and a federal criminal prosecution must be brought in the same proceeding. (33 F.3d at p. 1222.) Because *U.S.* v. *$405,089.23 U.S. Currency* dealt with successive actions both brought in federal court, the holding has no application to Westbrook's case.

The successive civil federal forfeiture action and state criminal prosecutions also are not precluded by Penal Code sections 654 and 656. Penal Code section 654 prohibits multiple punishment and multiple prosecutions.[4] It does not apply, however, to successive prosecutions in separate jurisdictions because while the state presumably is able to charge a defendant with all offenses which may arise out of a single course of conduct, this assumption is not applicable when one of the prosecutions occurs in a different jurisdiction. (*People* v. *Belcher* (1974) 11 Cal.3d 91, 97-98 [113 Cal.Rptr. 1, 520 P.2d 385].)

Penal Code section 656 bars a state criminal proceeding after a criminal conviction or acquittal in another jurisdiction of a charge involving the same act or omission. (*People* v. *Belcher, supra,* 11 Cal.3d at p. 97.)[5] Here, the federal action involving Westbrook was a civil forfeiture action, not a criminal prosecution. Penal Code section 656 does not apply.

### III. *Claim of a Disparate Sentence*

■ Westbrook contends he should be allowed to withdraw his guilty plea because at the time of his plea he understood the government would recommend he be sentenced to no more prison time than a codefendant who pled guilty to the same charge, yet a 10-year sentence was recommended for him while his codefendant received only a 6-year term.

At the time of his plea, Westbrook was informed he could be sentenced to a term as long as 12 years. Nothing in the transcript of the hearing or on the plea form indicates any understanding about a recommendation linked to a codefendant's term.

### DISPOSITION

The judgment is affirmed.

Kremer, P. J., and Haller, J., concurred.

---

[4]Section 654 provides: "An act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, but in no case can it be punished under more than one; an acquittal or conviction and sentence under either one bars a prosecution for the same act or omission under any other."

[5]Penal Code section 656 provides: "Whenever on the trial of an accused person it appears that upon a criminal prosecution under the laws of another State, Government, or country, founded upon the act or omission in respect to which he is on trial, he has been acquitted or convicted, it is a sufficient defense."