Filed 7/8/15  P. v. Beavers CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**COPY**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>  v.<br><br>MARCUS JAMAL BEAVERS,<br><br>    Defendant and Appellant. | C073720<br><br>(Super. Ct. No. 12F03869) |

Defendant Marcus Jamal Beavers has a long criminal history, both as a juvenile and as an adult.  A prior conviction in 2010 for actively participating in a criminal street gang is at the heart of the present dispute.  (Pen. Code, § 186.22, subd. (a); unless otherwise set forth, statutory references that follow are to the Penal Code.)

In this case, defendant was convicted of second degree robbery, assault with a firearm, and possession of hydromorphone.  (§§ 211 & 245, subd. (a)(2); Health & Saf. Code, § 11350, subd. (a).)  Given defendant's 2010 criminal street gang conviction,

1

which was a strike which was alleged and which the court found true, the court sentenced defendant to 16 years four months with a prison prior under California's three strikes law. (§§ 667, 667.5 & 1170.12.)

Shortly before defendant's trial, our Supreme Court decided *People v. Rodriguez* (2012) 55 Cal.4th 1125, 1131-1132 (*Rodriguez*), which held that subdivision (a) of section 186.22 requires proof that a defendant promoted, furthered, or assisted felonious conduct by *members* of the gang, and that this element is not satisfied when a defendant acts alone in committing a felony. Based on *Rodriguez*, defendant argues he should not have been sentenced as a second striker because the underlying 2010 prior conviction was not a strike since no evidence showed he acted with at least one other gang member.

Because defendant pleaded guilty to actively participating in a criminal street gang under section 186.22, subdivision (a), he necessarily admitted every element of that offense, including that he promoted, furthered, or assisted felonious conduct by *members* of the gang. We therefore affirm the judgment as defendant's prior conviction qualified as a serious felony for purposes of the three strikes law.

FACTS AND PROCEEDINGS

A detailed recitation of the facts underlying the charges in the present matter is not necessary to resolve the issues raised on appeal. Briefly summarized, defendant and the victim met at an apartment complex in Sacramento County so he could purchase prescription pills from the victim. At the meeting, defendant brandished a gun and demanded everything the victim had. After hitting the victim in the head, defendant took money, personal property, and numerous other prescription pills from the victim. A few days later, defendant was arrested with pills matching the type, size, shape and prescription of those taken from the victim.

An amended information charged defendant with second degree robbery (§ 211), assault with a firearm (§ 245, subd. (a)(2)), and possession of hydromorphone (Health &

2

Saf. Code, § 11350, subd. (a)). The information alleged defendant personally used a firearm during the robbery and assault, and that he had suffered a prior serious felony conviction making him eligible for sentencing under the three strikes law. (§§ 667, subds. (a), (b)-(i), 1170.12 & 1192.7, subd. (c)(28).)

The prior conviction alleged was a conviction from 2010 for actively participating in a criminal street gang in violation of section 186.22, subdivision (a). Defendant pleaded guilty to the charge.

In April 2013, a jury convicted defendant of all substantive offenses, but found the personal firearm use allegations not true. In a bifurcated proceeding, the court found defendant had suffered a prior strike conviction based on section 186.22, subdivision (a). The court found true that defendant had served a prior prison term. The court denied defendant's suggestion that the court should strike the prior strike conviction for the purpose of sentencing him in the present matter, citing defendant's extensive criminal history, his parole violation, his bleak future prospects given his interest in continuing to commit criminal conduct in the community, and the violent nature of the current crimes.

DISCUSSION

Defendant contends the court erred in finding he suffered a prior strike based on his 2010 conviction for active participation in a criminal street gang. Because, as the argument goes, his prior conviction was not a strike, he further contends that enhancing his sentence based on the conviction violates ex post facto principles. Defendant's argument is premised on the assumption that no evidence shows he acted with other gang members at the time of the 2010 offense, which the statute requires according to *Rodriguez* for a valid section 186.22, subdivision (a) conviction. (*Rodriguez, supra,* 55 Cal.4th at pp. 1131-1132.)

According to defendant, while police reports of the incident show he was with other people at the time, no evidence establishes that those people were in fact gang

3

members. Mere proof of the conviction, which was introduced by the prosecution, is insufficient in defendant's mind to establish the elements of a section 186.22, subdivision (a) violation. In the absence of such evidence, defendant argues he should not have been convicted of the substantive criminal street gang offense under section 186.22, subdivision (a) and, thus, the 2010 conviction does not qualify as a strike for sentencing purposes in this case.

Defendant, however, fundamentally misapprehends the consequence of his guilty plea to the active participation in a criminal street gang offense. A plea of guilty admits every element of a charged offense. (*People v. Watts* (2005) 131 Cal.App.4th 589, 595.) It also constitutes a "conclusive admission of guilt." (*People v. Westbrook* (1996) 43 Cal.App.4th 220, 223-224.) "It waives any right to raise questions about the evidence, including its sufficiency." (*People v. Lobaugh* (1987) 188 Cal.App.3d 780, 785.)

Defendant's 2010 guilty plea, then, conclusively proves that he promoted, furthered, or assisted felonious conduct by *members* of the gang, one of the elements of section 186.22, subdivision (a). (§ 186.22, subd. (a); *Rodriguez, supra,* 55 Cal.4th at p. 1130 [section 186.22, subdivision (a) offense has three elements].) His complaint that the evidence was insufficient to support the conviction is not cognizable on appeal. (*Ibid.*)

Because the evidence presented to the court here showed defendant was convicted of violating section 186.22, subdivision (a) after his plea of guilty to that charge, his sentence was properly enhanced under the three strikes law. (§§ 667, 1192.7, subd. (c)(28) & 1170.12.) The court did not err in sentencing defendant in this matter.

We recognize that under certain circumstances a defendant may seek to withdraw a guilty plea. (*People v. Quesada* (1991) 230 Cal.App.3d 525, 531, fn. 2 [" 'a motion to set aside a judgment of conviction and for permission to withdraw a plea of guilty may ordinarily be considered as a petition for writ of error *coram nobis*' "]; § 1018 [upon a showing of good cause, a defendant may withdraw his guilty plea before the entry of

4

judgment].)  Nothing in the record before the court indicates that defendant has sought to withdraw his guilty plea, or that such a request, if made, was granted.  This is not a matter that can be considered on appeal.

DISPOSITION

The judgment is affirmed.


      HULL      , Acting P. J.


We concur:


      MAURO      , J.


      DUARTE      , J.