Filed 9/30/21  Marriage of Lopez CA4/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re Marriage of ARTHUR AND CHERYL LOPEZ, | G057649 (Consol. with G057773, G058069 & G058605) |
| ARTHUR LOPEZ, | |
| Appellant, | (Super. Ct. No. 16D001283) |
| v. | O P I N I O N |
| CHERYL LOPEZ, | |
| Respondent. | |

Appeals from orders of the Superior Court of Orange County, Daphne Grace Sykes, Judge.  Affirmed.

Arthur Lopez, in pro. per., for Appellant.

No appearance for Respondent.

\*          \*          \*

Appellant Arthur Lopez (appellant) appeals from various orders in his ongoing family law matter relating to his former wife Cheryl Lopez (respondent) and their four children. Specifically, appellant appeals from (1) denial of a domestic violence restraining order against respondent; (2) denial of discovery into his children's statements to their court-appointed attorney; (3) two separate fee waiver denials relating to reunification services; and (4) an order for reunification therapy. We affirm.

**FACTUAL AND PROCEDURAL HISTORY**

This is the fourth separate opinion of this court generated in this case.

The background facts are set forth in our earlier opinion, *In re Marriage of Lopez* (February 26, 2018, G054262) [nonpub. opn.], and are not repeated here.

Appellant appeals from four separate orders. The first was issued on April 24, 2019. In that order, the trial court (1) denied appellant's request for orders relating to a temporary restraining order; (2) denied appellant's request for copies of his children's statements to their attorney; and (3) denied appellant's request to waive fees to be paid to a reunification services provider. The second order was dated May 21, 2019. In that order, the trial court again denied appellant's request for a fee waiver related to reunification services. The third order was dated July 17, 2019. In that order, the trial court continued the hearing on certain issues related to child custody and visitation to a later date, ordered appellant to bear costs for reunification therapy, and ordered that no further filings were to be made prior to a November 19, 2019 trial. The fourth order was apparently dated November 19, 2019, per appellant's notice of appeal, but is not part of the record.

*1. The First Order*

The April 24, 2019 order arose from a January 16, 2019 request for order (RFO) filed by appellant. In that RFO, appellant requested the court issue an emergency order permitting him phone contact with his children. The trial court initially denied the request, pending a hearing. Also on January 16, 2019, respondent filed a request for a

2

domestic violence temporary restraining order against appellant, as a previous three-year restraining order had expired days earlier. The trial court granted respondent's request for a temporary restraining order. Father appealed from both the denial of his request and the entry of the temporary restraining order against him.

The matter was next heard on February 6, 2019; the trial court heard testimony and denied appellant's request for a temporary restraining order. The matter was continued to April 17, 2019, then to April 24, 2019. On April 24, 2019, the trial court again heard testimony, and entered two separate orders.

One order was the subject of a stipulation between the parties. In that stipulation, the parties agreed that all prior orders were to remain in effect, except as modified by the stipulation. The parties also agreed that their children would participate in reunification therapy with appellant, with appellant paying all fees and costs.

The other order was the trial court's minute order from that day's proceedings. The minute order reflected denials of appellant's request to waive fees for the reunification therapist, appellant's request to obtain his children's statements to their court-appointed attorney, and appellant's request for orders on the temporary restraining order. The court based the last of these three denials on appellant's pending appeal of the temporary restraining order.

*2. The Second Order*

The May 21, 2019 order resulted from a May 17, 2019 hearing, at which the trial court heard testimony. The May 17 hearing arose from appellant's request for a waiver of the fees to be charged by the stipulated reunification therapist. The trial court concluded there was "no provision nor mechanism for the court to underwrite psychological services by a 'private' provider rendering services in his/her private capacity. Further, the applicable fee waiver provisions apply to access to use of the court system and not to ongoing treatments the parties may require for their enrichment and development." Accordingly, the trial court denied the fee waiver request.

3

*3. The Third Order*

The third order is a minute order from a July 17, 2019 hearing, at which there appears to have been testimony. The court set trial for "final determination on the issues of child custody and child visitation," ordered appellant not to file any further RFO's prior to the trial date, appointed a reunification therapist, and ordered appellant to pay all costs and fees associated with the therapy.

*4. The Fourth Order*

The fourth order appears to have resulted from the November 19, 2019 trial. However, the order itself is not in the record. Instead, the record contains only a courtroom judgment return sheet (which indicates that some document, likely an order or judgment, could not be processed by the clerk's office) and two notices of entry of judgment, reflecting a December 9, 2019 judgment on reserved issues, which is also not part of the record.

**DISCUSSION**

*1. Procedural Issues*

Our review of this matter is greatly hampered by serious deficiencies in appellant's brief and in the record. California Rules of Court, rule 8.204(a)(1)(B)[1] requires briefs filed in our court to "State each point under a separate heading or subheading summarizing the point and, if possible, by citation to authority." Rule 8.204(a)(1)(C) requires references to the record when discussing facts. Rule 8.204(a)(2)(A) requires the appellant's opening brief to identify the relief sought in the trial court and the judgment or order appealed from. Rule 8.204(a)(2)(B) requires the appellant's opening brief to explain why the order appealed from is appealable. Rule 8.204(a)(2)(C) requires the appellant's opening brief to provide a summary of the significant facts limited to matters in the record. Rule 8.204(b) requires any brief to be

---

[1] All further references to rules are to the California Rules of Court.

"reproduced by any process that produces a clear, black image of letter quality," and controls font, font size, line spacing, and margins, all of which are intended to allow the court to adequately read and comprehend the arguments of the litigants.

Appellant's opening brief fails to comply with any of these rules. Appellant's arguments are set forth under a blanket "Argument" heading and are not organized in any readily ascertainable way. Appellant's brief contains few citations to the record, none of which reflect anything other than his own filings. Appellant's brief fails to identify with any specificity the various orders from which he has appealed (including omitting any citation to their locations in the record), and the relief sought in the trial court. Appellant's brief contains an inadequate statement of appealability, which claims his appeal is taken from a single "final judgment," even though this appeal involves four separate consolidated matters, each taken from a separate order. Appellant's brief contains a "statement of the case," but this statement largely consists of argument, rather than a summary of facts, and fails to discuss any of the evidence offered in opposition to his contentions in the trial court. Appellant's brief is also handwritten and single-spaced, and as a result some portions of the brief are illegible.

Appellant was specifically warned of similar violations of the Rules of Court in connection with two of his prior appeals in this matter (*In re Marriage of Lopez* (February 26, 2018, G054262) [nonpub. opn.]; *In re Marriage of Lopez* (May 26, 2020, G057278) [nonpub. opn.]).

Further, appellant bears the burden of providing an adequate record to support his claims of error. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 609.) Rule 8.120(b) requires appellant to provide a reporter's transcript, agreed statement, or settled statement for any issue that "requires consideration of the oral proceedings in the superior court." Many of appellant's contentions appear to require such consideration, for example, appellant's assertion that the trial court coerced him to agree to reunification services. All of the challenged orders resulted from hearings at which testimony was taken.

Despite those facts, the record contains no reporter's transcripts, agreed statements, or settled statements for any of the hearings that resulted in the appealed-from orders. Appellant had been specifically warned of this problem in connection with one of his prior appeals in this matter. (*In re Marriage of Lopez* (May 26, 2020, G057379) [nonpub. opn.].)

The absence of reporter's transcripts is not the only defect in the record. Appellant seeks review of four orders in this proceeding. Only three of those orders are contained in the record; the fourth is absent.

While we acknowledge a self-represented litigant's understanding of the rules on appeal is, as a practical matter, more limited than an experienced appellate attorney's and, whenever possible, will not strictly apply technical rules of procedure in a manner that deprives litigants of a hearing, we are nevertheless required to apply the Rules of Court and substantive rules of appellate review to a self-represented litigant's claims on appeal, just as we would to those litigants who are represented by trained legal counsel. (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984-985; *In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 830.)

We will, insofar as it is possible, address appellant's claims on the merits. To the extent the record does not permit us to do so, the claims are forfeited for the reasons set forth above.

2. *Substantive Issues*

Appellant argues: (1) the trial court wrongfully compelled appellant to participate in family reunification services as part of a child custody dispute, in violation of Family Code section 3026; (2) the trial court violated Family Code section 3020(b) by keeping appellant from his children; (3) the trial court violated the Fourteenth Amendment to the United States Constitution and the double jeopardy clause of the Fifth Amendment to the United States Constitution by keeping appellant from his children; (4) the trial court erred by refusing to issue a temporary restraining order in favor of

6

appellant and against respondent; (5) the trial court wrongfully denied appellant's requests for his children's medical and school records in violation of Family Code section 3025; (6) the trial court erred by refusing to grant appellant a waiver of fees with respect to reunification services; and (7) the trial court erred by refusing to appoint an attorney to represent appellant. These arguments are not addressed to particular orders, and are in any event without merit.

Appellant's first argument, regarding family reunification services, fails because appellant stipulated to his participation in reunification therapy.[2] Having stipulated to entry of this order, he lacks standing to appeal from it. (*Papadakis v. Zelis* (1991) 230 Cal.App.3d 1385, 1387-1388.)

Appellant's second and third arguments, regarding the trial court keeping appellant from his children, fail because none of the orders from which he appeals appear to resolve any custody issues. Instead, the custody issues were resolved at the November 19, 2019 hearing, for which we have no transcript and no order in the record. In the absence of a record sufficient to show error by the trial court, we must affirm.[3]

Appellant's fourth argument relates to refusal to enter a temporary restraining order in his favor and against respondent. The trial court concluded it was without power to rule on this issue because of the pendency of an appeal taken by appellant from its initial denial of a temporary restraining order in an earlier order not at issue on this appeal. That appeal (Case No. G057278) was still pending at the time of the

---

[2] We assume, for the sake of argument, that the "reunification therapy" described in the stipulation and order and the "reunification services" described in Family Code section 3026 are the same.

[3] Additionally, we note that the double jeopardy clause applies only to sanctions that are "punitive in purpose or effect," which a protective order is not. (*People v. Gonzalez* (2015) 241 Cal.App.4th 1103, 1111.) Moreover, "[t]he protections of the Double Jeopardy Clause are not triggered by litigation between private parties." (*U.S. v. Halper* (1989) 490 U.S. 435, 451, abrogated on another ground by *Hudson v. United States* (1997) 522 U.S. 93.)

hearing and would not be decided until May 26, 2020. (*In re Marriage of Lopez* (May 26, 2020, G057278) [nonpub. opn.].) Absent certain exceptions, "the perfecting of an appeal stays proceedings in the trial court upon the judgment or order appealed from or upon the matters embraced therein or affected thereby. . . . " (Code Civ. Proc., § 916, subd. (a).) Moreover, we affirmed the trial court's denial of appellant's request for a temporary restraining order in our earlier opinion, which bars reconsideration of this issue. (*In re Marriage of Lopez* (May 26, 2020, G057278) [nonpub. opn.].)

Appellant's fifth argument, that the trial court wrongfully denied him access to his children's medical and school records, fails for the same reason as his second and third arguments: none of the orders from which he appeals relate to medical or school records. The only order discussing access to documents of any kind is the April 24, 2019 order, which denies appellant access to his children's statements to their attorney. Those statements are protected by the attorney-client privilege. (Evid. Code, § 952, 954; Family Code § 3151, subd. (c)(7).)

Appellant's sixth argument, that the trial court erred by refusing to grant him a fee waiver for reunification services, fails for two reasons. First, appellant stipulated to an order requiring him to pay all fees and costs associated with the reunification services. Second, the reunification service providers in question were private practitioners, whose services must be compensated, and appellant identifies no statute or program providing for such funding from the government.

Appellant's seventh argument, that the trial court erred by refusing to appoint an attorney to represent him, fails because there is no due process right to counsel in marriage dissolution proceedings (*In re Marriage of Campi* (2013) 212 Cal.App.4th 1565, 1574-1575) and because nothing in the record demonstrates that appellant ever

requested the appointment of counsel in the trial court; without such a request, there is no order from which appellant can seek review.[4]

## DISPOSITION

The trial court's orders are affirmed. No costs are awarded, as no appearance was made on behalf of any respondent.

ZELON, J.*

WE CONCUR:

MOORE, ACTING P. J.

FYBEL, J.

*Retired Justice of the Court of Appeal, Second Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

---

[4] At oral argument, Lopez made a request for judicial notice without stating any basis or relevance to this appeal. We decline to consider his incomplete and untimely request. On September 23, 2021, the date set for oral argument in this matter, appellant filed a request to file an amended notice designating the record on appeal (Cal. Rules of Court, rule 8.121), and on September 24, 2021, the court received on demand from appellant a second such request. The requests to file an amended notice designating the record on appeal are denied.